United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID F TRAGER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04271 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

The petitioner, David F. Trager, filed this petition for a writ of habeas corpus while in custody of the State of Texas in the Texas Department of Criminal Justice at the Jester III Unit. He seeks habeas corpus relief from his federal detainer, but he was not in federal custody at the time he filed this petition. *See* Doc. No. 1. Therefore, the Court DISMISSES this petition without prejudice for lack of jurisdiction.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

United States district courts may only entertain petitions for habeas corpus relief from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The Supreme Court has clarified that, for jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Trager alleges that he already served his sentence in his federal case and requests that this Court remove his detainer. "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003). The Fifth Circuit has held that prisoners are not "in custody" for purposes of 28 U.S.C. § 2241 simply because federal officials have lodged a detainer against them. *See id.*; *see also Alvarado v. Holder*, 394 F. App'x 70, 71 (5th Cir. 2010) (per curiam) (holding that because the petitioner was not "in custody" based on an immigration detainer, the district court lacked jurisdiction under § 2241 to hear his claim); *Ellis v. United States*, Civ. A. No. 6:24-cv-099, 2024 WL 4941318, at *2 (E.D. Tex. Oct. 15, 2024), *rec. adopted*, 2024 WL 4933328 (N.D. Tex. Dec. 2, 2024) (holding that a state prisoner with a federal detainer was not "in custody" of federal officials to challenge his federal detainer and collecting cases). Because the petitioner is not "in custody" of federal officials based on his detainer, the Court lacks jurisdiction over this claim. Therefore, this case must be dismissed without prejudice.

Based on the foregoing, the Court **ORDERS** as follows:

1. This petition is **DISMISSED without prejudice** for lack of jurisdiction.

2. All pending motions, if any, are **DENIED as MOOT**.

3. No certificate of appealability shall issue from this Order.

SIGNED this 13th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE